IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JONATHAN THOMAS                                                                                    PLAINTIFF

v.                        Civil No. 4:11-cv-04082

SHERIFF STOVALL; WARDEN
BRAZEL; WARDEN CANNON;
SGT. WELCH; and WESLEY PENNY                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Jonathan Thomas filed this case *pro se* and *in forma pauperis* on August 23, 2011 under 42 U.S.C. § 1983.  ECF No. 1.  Now before the Court is Defendants' Motion to Dismiss.  ECF No. 21.  Plaintiff has not responded to the Motion.

Pursuant to the provisions of 28 U. S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

I.      BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Miller County Detention Center ("MCDC").  According to Plaintiff's last known address he is no longer incarcerated.

On May 2, 2012, the Court granted Defendants' Motion to Compel and ordered Plaintiff to respond to Defendants' discovery requests by May 30, 2012 ("Order to Compel").  ECF No. 20. In the Order to Compel, the Court advised Plaintiff that his failure to comply with the Order could

1

result in dismissal of this case. ECF No. 20. The Clerk of the Court sent the Order to Compel to Plaintiff's address of record—P.O. Box 96, Garland, Arkansas 71839. The Order to Compel was not returned as undeliverable mail. Plaintiff did not comply with the Order to Compel, and Defendant filed the instant Motion to Dismiss. ECF No. 21.

On November 15, 2012, the Court issued an Order to Show Cause directing Plaintiff to respond showing cause why this case should not be dismissed based on his failure to comply with the Court's Order to Compel. ECF No. 22. The Court again advised Plaintiff that failure to respond could result in the dismissal of this case. ECF No. 22. The Court sent this Order to Show Cause to Plaintiff's address of record—P.O. Box 96, Garland, Arkansas 71839. The Order to Show Cause has not been returned as undeliverable mail.

Plaintiff filed his latest Notice of Change of Address on October 18, 2011. ECF No. 5. In this Notice, Plaintiff informed the Court that he was released from prison and provided the Court with the Garland address as his address of record. ECF No. 5. Plaintiff has not communicated with the Court since filing this Notice in October 2011.

The Court advised Plaintiff, when he filed his case, that he must keep the Court informed of his current address, and that failure to do so could result in the dismissal of his case. ECF No. 3.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district

court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.  DISCUSSION

As demonstrated above, Plaintiff has failed to comply with the Court's: (1) Order directing Plaintiff to keep the Court informed of his mailing address (ECF No. 3); (2) Order to Compel (ECF No. 20); and (3) Order to Show Cause (ECF No. 22). Plaintiff has been provided adequate notice and opportunity to comply with the Court's Orders as well as warnings that failure to comply with such Orders could result in the dismissal of this case.

Furthermore, Plaintiff has failed to prosecute this case. He has not communicated with the Court in over a year, has failed to participate in discovery with Defendant, and failed to respond to Defendant's Motion to Dismiss.

Accordingly, I recommend this case be dismissed with prejudice for Plaintiff's willful disobedience of multiple Court Orders and failure to prosecute this case.

### IV.  CONCLUSION

For the foregoing reasons, I recommend the Defendants' Motion to Dismiss (ECF No. 21)

be **GRANTED** and the above styled case be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Court's Orders and prosecute this action. *See* Fed. R. Civ. P. 41(b).

The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **24th day of January 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE